## STACKPOLE v. SYMONDS.

23  229
68   32
68  173

The defendant, on Sunday, proposed to the plaintiff that if he would resume work on a railroad on which he had been employed, he would pay him therefor, when the job should be completed. On Monday, the plaintiff took the matter into consideration, and on Tuesday went to work, and completed the job. In assumpsit for work and labor, it was *held*, that what passed on Sunday was merely a proposition, and not a contract, as something remained to be done, and that the plaintiff was entitled to recover.

ASSUMPSIT, for work and labor. The action was referred to an auditor. The following facts appeared from his report, which the parties agreed should be considered as a case stated for the opinion of the court. On, and before, the fifteenth day of February, 1850, the plaintiff, with others, was employed by a contractor, to labor on the N. H. Central Railroad. On that day, the contractor informed the plaintiff and the other laborers, that he could not get money to pay them for their work, from month to month, as he had been accustomed to do, and thereupon they left work. On the seventeenth day of February, which was Sunday, the defendant having an order drawn by the contractor, to receive the money that might accrue to the contractor on his contract, as security for a debt due to him from the contractor, came to the house where the plaintiff and the other laborers were boarding, and stated to them that if they would resume their work on the railroad, he would pay them therefor, when the job should be completed. On Monday, the eighteenth, the plaintiff and the others, took the subject into consideration, and concluded to go on with the work, and on Tuesday, the nineteenth, they commenced again upon the work, and continued until the job was completed ; the arrangement being made and the work done in pursuance of it, with the knowledge of the defendant, under the superintendence, and with the assent of the contractor.

Judgment is to be rendered according to the opinion of the court upon the foregoing facts.

*W. C. Clarke,* and *Bell,* for the plaintiff,

1. There was no contract on Sunday. It was only a proposition. Chitty on Contracts, 8; Story on Contracts, 296.

2. It is not sufficient to avoid a contract, that it has grown out of a transaction upon Sunday. *Clough* v. *Davis,* 9 N. H. Rep., 500; *Allen* v. *Deming,* 14 N. H. Rep., 133; *Lovejoy,* v. *Whipple,* 18 Vt., (3 Wash.,) 379; *Adams* v. *Gay,* 19 Vt., (4 Wash.,) 358; Story on Contracts, 543, § 619; Chitty on Contracts, 335. The authorities cited in Story and Chitty, are, 3 B. & C., 232; 5 D. & R., 82; 8 D. & R., 204; 5 B. & C., 406; 6 Bing., 653.

Chitty is as follows: " If on the parol purchase of a horse on a Sunday, it be not delivered, and nothing be paid until a subsequent day, the contract is good."

The marginal note in *Lovejoy* v. *Whipple,* 18 Vt. Rep., 379, is, " Though a promissory note be written and signed on Sunday, yet it will not on that account be void if not delivered until some other day." And Mr. Justice *Redfield* says, in the same case, " If the final consummation of the contract is deferred until another day, as in *Bloxsome* v. *Williams,* the contract will not be void for what passed upon Sunday."

In *Adams* v. *Gay,* 19 Vt. Rep. 358, *Redfield,* J., says : " Contracts of this kind are not void because they have grown out of a transaction upon Sunday. This is not sufficient to avoid them ; they must be finally closed upon that day."

In *Allen* v. *Deming,* the decision went upon the ground as stated in the marginal note : " That the bargain was complete on Sunday." And on page 140, *Gilchrist,* J., says : " Nothing remained to be done on the part of the seller, to vest the property in the purchaser."

In *Clough* v. *Davis,* *Wilcox,* J., says : " The note was written and signed on Sunday, but not delivered to the payee. The contract was not completed ; the instrument given in evidence was not a subsisting contract on Sunday, nor so regarded or intended by the parties. It was wholly inoperative *unless something more had been done.*" And *that something more was done* on a subsequent day, and the note affirmed.

Craig v. Kittredge.

*D. Steele, Jr.*, for the defendant.

GILCHRIST, C. J. The substance of this case is contained in that part of it, in which it is stated, that on Sunday the defendant came to the house where the plaintiff and the other laborers were boarding, and said to them, that if they would resume their work on the railroad, he would pay them therefor, when their job should be completed. This was all that was done on Sunday. The proposition was not then accepted, and it needs no citation of authorities, to render it clear that this was only a proposition.

The cases cited by the counsel for the plaintiff establish the position, that if the contract be not completed on Sunday, if anything remain to be done on some future day, it will not be void. This contract, in the language of Mr. Justice *Redfield*, *Adams* v. *Gay*, 19 Vermont 358, merely " grew out of a transaction upon Sunday." It was not a contract made on Sunday, but was merely the result of the conversation between the parties on Sunday. It does not, therefore, come within the class of cases on the general question of the validity of such contracts, nor is it susceptible of the nice distinctions which have sometimes been made, in cases on this subject. As it was merely a proposition made on Sunday, and not then accepted, the defence cannot be sustained.

*Judgment for the plaintiff.*